IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEPHANIE R.** *ex rel.* **B.R.**[1], <br><br>    Plaintiff, <br><br>  v. <br><br>**KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br>    Defendant. | Case No. 3:20-cv-1475-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, KERR ROBICHAUX & CARROLL, PO Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Franco L. Becia, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

  Plaintiff Stephanie R., on behalf of her minor child, B.R., seeks judicial review of the

final decision of the Commissioner of the Social Security Administration (Commissioner)

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

PAGE 1 – OPINION AND ORDER

denying her application for Supplemental Social Security Income (SSI) under the Social Security Act (Act). Because the ALJ denied Plaintiff's request for a case evaluation, the Court REMANDS for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed an application for SSI on February 9, 2017, alleging disability beginning on March 10, 2015. AR 61. B.R.'s date of birth is April 22, 2012, and she was two years old at the time of the alleged onset of disability. AR 61. The agency denied her claim both initially and upon reconsideration, and Plaintiff requested a hearing. AR 75, 83, 86. Plaintiff appeared for a hearing before an ALJ on March 15, 2019. AR 32. The ALJ issued a decision denying Plaintiff's claim for benefits. AR 13-27. Plaintiff requested review of the ALJ's decision, which the Appeals Council denied. AR 1. Accordingly, the ALJ's decision is the final decision of the agency and Plaintiff seeks judicial review of that decision.

### B. The Sequential Analysis

A child claimant under the age of 18 is disabled if he or she is can demonstrate "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Under 20 C.F.R. § 416.924(a), child disability claims are assessed according to a three-step sequential evaluation process:

1. Is the child performing "substantial gainful activity?" 20 C.F.R. § 416.924(b). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. *Id.* § 416.910. If the child is performing such work, he or she is not disabled within the meaning of the Act. *Id.* § 416.924(b). If the child is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the child's medically determinable impairment "severe" under the Commissioner's regulations? *Id.* § 416.924(c). An impairment or combination of impairments is "severe" if it is

more than "a slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations." *Id.* If the claimant has a medically determinable severe impairment, the analysis proceeds to step three.

3. Does the child's severe impairment "meet, medically equal, or functionally equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? An impairment "causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." *Id.* § 416.924(d). If so, then the child is disabled. *Id.* If the impairment does not meet, medically equal, or functionally equal one or more of the listed impairments or does not meet the duration requirement, the child is not disabled under the Act. *Id.* § 416.924(d)(2).

If the child has "a severe impairment or combination of impairments that does not meet or medically equal any listing, [the Commissioner] will decide whether it results in limitations that functionally equal the listings." *Id.* § 416.926a(a). In assessing how the child's functioning is affected in all of the child's activities, the following six domains are considered: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926(b)(1).

To "functionally equal" any listing, the impairment "must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities . . . the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* § 416.926a(e)(2)(i). An "extreme"

limitation is one that "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities . . . the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(i).

## C.  The ALJ's Decision

At step one, the ALJ found that B.R. had not engaged in substantial gainful activity since the application date. AR 16. At step two, the ALJ found that B.R. suffered from the severe impairments of seizure disorder, intermittent esotropia with strabismus, articulation disorder, and emotional/behavioral disorder. AR 16. At step three, the ALJ found that B.R.'s impairments did not meet, medically equal, or functionally equal a listing. AR 16-27. Specifically, the ALJ found that B.R. had: (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in caring for herself; and (6) less than a marked limitation in health and physical well-being. AR 21-27. Accordingly, the ALJ found that B.R. was not disabled.

## DISCUSSION

Plaintiff argues that the ALJ committed harmful error by denying her request to call a medical expert to evaluate B.R.'s record as a whole. In cases involving minor claimants, the ALJ must ensure that a medical expert evaluates the minor claimant's case in its entirety. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003); Social Security Acquiescence Ruling (SSAR) 04-1(9), *available at* 2004 WL 875081. Failure to do so is harmful error. *Howard*, 341 F.3d at 1014.

In *Howard*, the Ninth Circuit held that even though substantial evidence supported the ALJ's finding that the minor plaintiff was not disabled, the ALJ nevertheless committed harmful

error by denying the plaintiff's request for a medical expert to review her medical record. *Howard*, 341 F.3d at 1012-14. The Ninth Circuit explained that under 42 U.S.C. § 1382c, the ALJ must ensure that a medical expert reviews the minor claimant's case as a whole. *Id.* at 1014. Section 1382c provides:

> In making any determination under this title . . . with respect to the disability of an individual who has not attained the age of 18 years . . . , the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

42 U.S.C. § 1382c(a)(3)(I). The Ninth Circuit explained that reliance on specialized medical opinions do not satisfy the requirement that the ALJ make reasonable efforts to ensure that a qualified individual evaluates "the case" of the minor claimant. *Howard*, 341 F.3d at 1014; *see also id.* at 1014 n.2 ("There is a distinction . . . between having an expert evaluate a claimant with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, considering all of the medical records and determining whether those indicate that the claimant is disabled within the meaning of the Social Security Act.").

After *Howard*, the Social Security Administration issued a Social Security Acquiescence Ruling, explaining that *Howard* misinterpreted the applicability of § 1382c(a)(3)(I), but that going forward, the Social Security Administration would apply the *Howard* decision in the Ninth Circuit. *See* SSAR 04-1(9), 2004 WL 875081 (explaining that the word "determination" is a term of art only applicable to "determinations made by a State agency and not to decisions made by ALJs or AAJs (when the Appeals Council makes a decision)"). The SSAR further notes that a state agency consultant may provide the requisite comprehensive case evaluation. *Id.* If an ALJ does rely on a state agency consultant that properly evaluates the claimant's entire case, the record must also contain evidence of the consultant's qualifications. *Id.*

PAGE 6 – OPINION AND ORDER

Plaintiff argues that the ALJ erred by denying her request for a medical expert to evaluate her case. *See* AR 37. Plaintiff also argues that this error was harmful because the witnesses that evaluated Plaintiff created ambiguity as to her disability.[2] Defendant responds that the ALJ's reliance on the state agency consultants satisfies *Howard* because those consultants issued assessments based on Plaintiff's full record. The Court disagrees.

Putting aside whether the consultants' qualifications were in the record, the state agency consultants do not satisfy *Howard* because they conducted their evaluations of Plaintiff two years before her hearing and before substantial additional evidence was added to her record. State agency consultant Dr. Peter Bernardo conducted his evaluation of Plaintiff on May 19, 2017. AR 60. State agency consultant Dr. Thomas Davenport completed his evaluation of Plaintiff on June 27, 2017. AR 70. Plaintiff's medical record, however, contains substantial additional evidence dated after June 27, 2017. The additional evidence not considered by the state agency consultants includes the following: Dr. Shannon Brigman's assessment that Plaintiff "struggles with labile emotions, hyperactivity, impulsivity, and developmental delays" (AR 1486); Dr. Leah Reznik's assessment that Plaintiff demonstrates a "mild decrease in visual acuity" (AR 1551); speech pathologist Janet Murphy's assessment that Plaintiff was "less than 50% intelligible" (AR 998); Dr. Kit Yeng's determination that Plaintiff's electroencephalography test was "abnormal" (AR 1029); a statement from Plaintiff's speech pathologist, Amy Ouellete, about Plaintiff's communication difficulties (AR 220); occupational therapist Kate Culligan's assessment that Plaintiff has "difficulties with visual motor

---

[2] On the Court's reading of *Howard*, a minor claimant need not point to ambiguity in the record to secure a comprehensive case evaluation. *Howard*, 341 F.3d at 1014 (discussing the fact that the ALJ relied on specialized medical opinions but not on any medical evaluation of the plaintiff's case as a whole).

integration," "below average" social skills, "challenges with hyperactivity, and "impulsivity which interferes with daily participation community activities" (AR 422); a determination from Plaintiff's elementary school that she requires special education (AR 227); Plaintiff's speech pathologist's determination that Plaintiff's speech skills are "significantly below average" (AR 230); and assessments from Plaintiff's school teachers (AR 253-68).

Because the record contains significant additional evidence not considered by the state agency consultants, the ALJ committed harmful error by not calling a medical expert to evaluate Plaintiff's case. *See Koroma ex rel. K.M.R. v. Comm'r of Soc. Sec. Admin.*, 2020 WL 3958341, at *5 (D. Ariz. July 13, 2020) (citing *Howard* and remanding for further proceedings because the state agency consultants' opinions did not consider later evidence that "arguably supports [the plaintiff's] disability claim" and which a "pediatrician (or other specialist) responsible for rendering the case-wide evaluation should have considered"); *Jensen v. Colvin*, 2015 WL 1275307, at *8 (E.D. Cal. Mar. 19, 2015) (citing *Howard* and stating: "The problem is that the most recent report was written on May 16, 2007, more than a year before the ALJ first denied plaintiff's claim, and more than four years before the ALJ's second denial on remand. In the interim, the record in plaintiff's case grew." (citations omitted)); *S.C.L.C. ex rel. Greene v. Astrue*, 2013 WL 12204319, at *3 (C.D. Cal. Jan. 14, 2013) (citing *Howard* and stating that the state agency consultants "necessarily failed to evaluate Plaintiff based on the 'record in its entirety' because they wrote their reports in early 2009 and did not take into consideration the evidence Plaintiff presented at the time of the hearing, in May 2009, or to the Appeals Council thereafter"). Thus, the Court remands for further proceedings.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 22nd day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge